IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| **MICHAEL SHANE VAULTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:17-cv-00269-PLR-CCS |
| ) | |
| **EVINCO PROFESSIONAL SERVICES, INC.,** ) | |
| **APEX CONTRACTING & MAINTENANCE, LLC,** ) | |
| **and CHARLES B. SMITH and JAMES CURTIS** ) | |
| **MAYNARD, Individually,** ) | |
| ) | |
| **Defendants.** ) | |

## AMENDED COMPLAINT

Comes now the Plaintiff, Michael Shane Vaulton, by and through counsel, and for his Amended Complaint against Defendants Evinco Professional Services, Inc., Apex Contracting & Maintenance, LLC and Charles B. Smith and Curtis Maynard, individually, would show unto the Court as follows:

### PARTIES, JURISDICTION, AND VENUE

1. This case arises under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff brings this claim individually for unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees, and costs pursuant to 29 U.S.C. §§ 207 and 216(b).

2. The Court has subject matter jurisdiction pursuant to the FLSA, 29 U.S.C. § 216(b), and Tenn. Code Ann. § 16-10-101. The Court has personal jurisdiction over Plaintiff, who is a citizen and resident of Knox County, Tennessee.

3. Defendant Evinco Professional Services, Inc. (hereinafter "Evinco") is a Tennessee corporation with its principal place of business in Louisville, Tennessee. Service of process can be had on its registered agent Charles B. Smith at 3829 Coveside Ct., Louisville, TN 37777-3282.

4. Defendant Apex Contracting and Maintenance, LLC (hereinafter "ACM") is a Tennessee corporation. Service of process can be had on its registered agent Charles B. Smith at 3829 Coveside Ct., Louisville, TN 37777-3282. Upon information and belief, Defendant Evinco transacts business in Tennessee by and through its wholly owned subsidiary Defendant ACM.

5. Defendant Charles B. Smith (hereinafter 'Smith") is a resident of Blount County, Tennessee. Defendant Smith is one of the owners of Defendants Evinco and ACM. Defendant Smith exerted supervisory control over Plaintiff, was involved in the daily operations of the businesses as they pertained to Plaintiff's employment, is still solely responsible for hiring and supervising Evinco/ACM employees, and is the one who established and implemented the governing wage policies. Therefore, Defendant Smith is a covered employer under the FLSA. Service of process can be had on Charles B. Smith at 3829 Coveside Ct., Louisville, TN 37777-3282.

6. Defendant James Curtis Maynard (hereinafter "Maynard") is a resident of Knox County, Tennessee. Defendant Maynard is the President/CEO of Defendant ACM. Defendant Maynard exerted supervisory control over Plaintiff, was involved in the daily operations of the business as it pertained to Plaintiff's employment through ACM, is still solely responsible for hiring and supervising ACM employees, and upon information and belief is the one who helped Smith establish and implement ACM's governing wage policies. Therefore, Defendant Maynard is a covered employer under the FLSA. Service of process can be had on Defendant Maynard at 813 Crest Forest, Knoxville, TN 37923.

7. Venue lies in United Stated District Court for the Eastern District of Tennessee.

8. Plaintiff was a former employee of Defendants and was a covered employee under the FLSA.

9. Defendants are engaged in interstate commerce, constitute a commercial enterprise, and are covered employers under the FLSA. Defendants and Plaintiff regularly engaged in interstate commerce, and Defendants' revenue exceeds $500,000 annually.

**FACTUAL BASIS**

10. Defendant ACM manages and/or maintains residential investment properties, such as apartment complexes, in Knox County and surrounding counties. Upon information and belief, Defendant ACM is a division and/or subsidiary that Evinco owns, operates, and controls with the purpose of providing apartments and related services to residents in East Tennessee.

11. Plaintiff was continuously employed by Defendants from approximately November 2011 until October 31, 2016. During this time, Plaintiff regularly worked more than forty hours per week, averaging approximately eighty hours a week as Plaintiff would be the only individual carrying out maintenance orders for several large apartment complexes throughout the majority of his employment. Plaintiff primarily performed work in Knox County, Tennessee.

12. Defendants paid Plaintiff one thousand dollars ($1,000) a week throughout the duration of his employment. Defendants also gave Plaintiff a five percent bonus at the end of each quarter and paid for Plaintiff's actual gas expenses incurred during the scope of his employment. At no time did Defendants pay Plaintiff the applicable overtime premium.

13. Plaintiff held the title of "Maintenance Supervisor" throughout his employment with Defendants. Despite his title, Plaintiff did not supervise other employees or have any managerial authority. In fact, Plaintiff would be the only employee performing work orders

3

consisting of maintenance and general labor tasks that would arise at various apartment complexes.

14. Defendants assigned Plaintiff work orders, supervised and inspected Plaintiff's work, determined how the work was performed, and provided Plaintiff the necessary tools to perform said work. Defendant Evinco paid Plaintiff a weekly salary for performing said work orders.

15. In approximately July/August 2016 Plaintiff had a meeting with Defendant Maynard where he complained about Defendants not paying him the applicable overtime premium for working over forty hours in any given week. Plaintiff continued his complaints about his owed overtime to Defendants Maynard and Smith, and in November 2016, Defendants presented Plaintiff with the opportunity to change from an employee to an independent contractor performing all capital improvements and paint work for various apartment complexes. This opportunity was initially presented to Plaintiff as a way to earn a higher income (instead of being a salaried employee), but after agreeing to this opportunity Plaintiff was given minimal work. Defendants used this opportunity to retaliate against Plaintiff for his complaints as Plaintiff never received the capital improvement and paint work Defendants promised.

**CAUSES OF ACTION**

**Minimum Wage and Overtime Pay Violations**

16. The averments of paragraphs 10 through 15 are incorporated into this section by reference.

17. Pursuant to the FLSA, "every employer shall pay to each of his employees . . . not less than the minimum wage rate" as established by Congress. 29 U.S.C. § 206(b). Additionally, the employer must compensate its employees for overtime work "at a rate not less than one and

4

one-half times the regular rate at which the employee is actually employed" after the first forty (40) hours of work. 29 C.F.R. § 778.107.

18. Defendants required Plaintiff to work more than forty hours per week without paying him the overtime premium. Defendants did not meet their obligations to pay Plaintiff an overtime premium during the weeks Plaintiff worked more than forty hours.

19. Based on Plaintiff's job duties, hours worked, and the type of business in which Defendants are engaged, Defendants knew or recklessly disregarded the fact that Plaintiff was entitled to receive overtime pay for all hours worked over forty in a single workweek.

20. Plaintiff questioned why Defendants required him to work so many hours, yet refused to pay him the applicable overtime premium. Defendants continued their willful refusal to comply with the FLSA's provisions until approximately October/November 2016.

21. Defendants' intentional refusal to pay Plaintiff the applicable overtime premium is a willful violation of the FLSA.

**Retaliation Under the FLSA**

22. The averments of paragraphs 10 through 21 are incorporated into this section by reference.

23. Plaintiff complained to Defendants about the amount of hours he worked, the pay he received for said hours, and Defendants' failure to pay him an overtime premium in violation of the FLSA beginning in July/August 2016 and continuing until October 2016. By the end of October, Defendants allegedly switched Plaintiff to an independent contractor that was to receive all capital improvement and paint work; however, Plaintiff never received said work in retaliation for his complaints under the FLSA.

5

24. It is illegal for an employer "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to [the FLSA]." 29 U.S.C. § 215(a)(3).

25. By making internal complaints to Defendant Maynard and Defendant Smith, Plaintiff engaged in protected activity under the FLSA.

26. Plaintiff was also involuntarily terminated because of said complaints. Defendants willfully, intentionally, and maliciously retaliated against Plaintiff as a result of Plaintiff's exercise of protected activity.

**Unjust Enrichment**

27. The averments of paragraphs 10 through 26 are incorporated into this section by reference.

28. Plaintiff conferred substantial benefits on Defendants by performing a variety of tasks for which he did not receive adequate compensation. These tasks included, but are not limited to, his job as a "Maintenance Supervisor." Thus, Defendants were enriched by Plaintiff's inadequately compensated work.

29. Defendants realized a larger profit than they otherwise would have because of Plaintiff's inadequate compensation.

30. Defendants were aware of Plaintiff working a substantial amount of hours and not receiving adequate compensation.

31. Allowing Defendants to reap the extraordinary benefit of Plaintiff's labor without having to adequately compensate him would be manifestly unjust.

## DAMAGES

32. As a direct, proximate, and exclusive result of Defendants' violations of the FLSA and unjust enrichment, Plaintiff has experienced substantial monetary losses and damages, including lost wages, attorney fees, and costs.

33. And as a direct, proximate, and exclusive result of Defendants' willful retaliation against him, Plaintiff has suffered additional lost wages as well as emotional distress, anxiety, loss of enjoyment of life, loss of employment opportunities, and additional job-related expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Michael Shane Vaulton prays for the following relief:

1. That a jury decide all disputes of fact;

2. A declaratory judgment that Defendants have violated the overtime wage provisions of the FLSA;

3. A judgment that Defendants violated the FLSA's anti-retaliation provision as to Plaintiff;

4. A judgment that Defendants were unjustly enriched;

5. A judgment that Defendants' violations of the FLSA were willful;

6. An award to Plaintiff in the amount of unpaid wages, overtime compensation, and liquidated damages to be proven at trial;

7. An award to Plaintiff for reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b); and

8. An award of such other and further legal and equitable relief as may be appropriate under the facts of this case, not to exceed $450,000 exclusive of attorneys' fees and costs.

Dated this 28th day of July, 2017.

                                               RESPECTFULLY SUBMITTED,

                                               *s/Kayla L. Towe*
                                               JESSE D. NELSON (BPR # 025602)
                                               KAYLA L. TOWE (BPR # 033592)
                                               NELSON LAW GROUP, PLLC
                                               *Attorneys for Plaintiff*
                                               10263 Kingston Pike
                                               Knoxville, TN 37922
                                               (865) 383-1053
                                               jesse@NLGattorneys.com
                                               kayla@NLGattorneys.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 28th day of July, 2017 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                               *s/Kayla L. Towe*