# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Agreement") is entered into by and between **MICHAEL SHANE VAULTON**, on behalf of himself, his heirs, executors, agents, representatives, administrators, survivors, assigns, attorneys, and anyone claiming through him (hereinafter referred to as "**Vaulton**"), **CHARLES B. SMITH,** individually, and his heirs, executors, agents, representatives, administrators, survivors, successors and assigns, insurers, and sureties (hereinafter referred to as "**Smith**"), **JAMES CURTIS MAYNARD,** individually, and his heirs, executors, agents, representatives, administrators, survivors, successors and assigns, insurers, and sureties (hereinafter referred to as "**Maynard**"), **EVINCO PROFESSIONAL SERVICES, INC.** and its subsidiaries and affiliates, successors and assigns, and its current and former officers, agents, members, directors, attorneys, insurers, sureties, and employees, in their individual as well as corporate capacities (hereinafter referred to as "**EPS**"), and **APEX CONTRACTING & MAINTENANCE, LLC** and its subsidiaries and affiliates, successors and assigns, and its current and former officers, agents, members, directors, attorneys, insurers, sureties, and employees, in their individual as well as corporate capacities (hereinafter referred to as "**ACM**"), (**Smith, Maynard, EPS,** and **ACM** are hereinafter collectively referred to as "**Apex**"). All of the foregoing are hereinafter collectively referred to as the "Parties."

**WHEREAS**, **Vaulton** worked for **Apex** from on or around December 5, 2011 until October 1, 2016, as a Maintenance Supervisor;

**WHEREAS**, on or around October 1, 2016, **Vaulton** voluntarily resigned his position as an employee with Apex and worked for Apex as an independent contractor on several occasions;

**WHEREAS**, **Vaulton** has alleged that **Apex** failed to pay him overtime at one and one-half times his regular rate pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*, that **Apex** forced him to resign and stopped giving him work as an independent contractor in retaliation for asserting his rights under the FLSA, that **Apex** filed two lawsuits against him Blount County General Sessions Court in retaliation for asserting his rights under the FLSA, and that **Apex** was unjustly enriched by his work, for which he has sought compensation and relief in the civil action styled *Michael Shane Vaulton v. Evinco Professional Services, Inc., Apex Contracting & Maintenance, LLC, and Charles B. Smith and James Curtis Maynard, Individually,* filed in the United States District Court for Eastern District of Tennessee, Civil Action No. 3:17-CV-00269 (hereinafter the "Lawsuit");

**WHEREAS**, although **Apex** has denied and continues to deny that it violated **Vaulton's** rights under the FLSA, or any other federal, state or local law, or common law principle, the Parties desire to finally and forever resolve, compromise and settle any and all claims which **Vaulton** asserted or could have asserted in the Lawsuit and any and all claims he may have arising out of or in any way related to his work for or employment by **Apex**; and

NOW THEREFORE, in consideration of the premises, covenants, promises, and terms and conditions contained herein, the Parties agree as follows:

1. **Consideration.**
    (a) As consideration for the general release and release of all non-FLSA claims arising out of or in any way related to **Vaulton's** work for or employment by **Apex**, **Apex** will file a mutually-agreed upon Notice of Satisfaction of Judgment for the two civil judgments entered against **Vaulton** in favor of **Apex** in the Blount County, Tennessee General Sessions Court, Docket Nos. CV17240 & CV17241, which total Twenty Two Thousand Two Hundred Five Dollars and 47/100 ($22,205.47).

    (b) As consideration for the release of the FLSA claims, **Apex** will pay **Vaulton** the total sum of Sixteen Thousand Two Hundred Fifty Dollars ($16,250.00) in compromise and settlement of any and all claims that he asserted or could have asserted in the Lawsuit. The aforesaid sum is to be allocated as follows: the amount of One Thousand Seven Hundred Fifty Dollars ($1,750.00), less regular withholdings, as compensation for back wages under the FLSA (a W-2 will be issued for the back wage payment), and the amount of One Thousand Seven Hundred Fifty Dollars ($1,750.00) for liquidated damages under the FLSA.

    (c) **Vaulton** was represented by the Nelson Law Group, PLLC, which incurred costs and attorney fees on behalf of Vaulton. **Apex** will pay to the Nelson Law Group, PLLC the amount of Twelve Thousand Seven Hundred Fifty Dollars ($12,750.00) for **Vaulton's** attorney fees and court costs (a 1099 will be issued for the attorney fees and costs payment).

    (d) **Vaulton acknowledges that the payments to him for back wages in Paragraph 1(b) herein constitutes 100% of his back wage claim and liquidated damages based on Apex's alleged good faith defense to his claims.**

    (e) Within fourteen (14) days following approval of this Agreement and the FLSA settlement by the United States District Court for the Eastern District of Tennessee, **Apex** will send by mail to **Vaulton** and his attorney the foregoing payments under Paragraphs 1(b) and (c), provided **Vaulton** has not exercised his revocation rights in Paragraph 4, and he and his attorney provide completed W-4 and W-9 forms to **Apex**.

    (f) The Parties agree to jointly petition the United States District Court for the Eastern District of Tennessee for approval of this settlement and release, and that the denial of such petition by the court shall render this Agreement null and void and **Vaulton** shall not be entitled to any payments under this Agreement.

2. **Taxes and Indemnification.** Although the consideration to **Vaulton** in Paragraph 1(a) for the general release and payments in Paragraphs 1(b) and (c) for liquidated damages and attorney fees and costs are non-wage income arising out of the settlement of his claims, **Vaulton** understands and agrees in consideration of the

aforesaid sums, that he is solely and entirely responsible for the payment of all federal, state and local taxes, penalties and interest, if any, which may be found to be due upon such amount. **Vaulton** agrees to indemnify and hold harmless **Apex** against any claims for income taxes, penalties, interest and the employee's share of FICA which may be found to be owed by **Vaulton** upon said payments.

       3.    **<u>Release and Waiver</u>**. In consideration of the payments set forth in Paragraph 1, **MICHAEL SHANE VAULTON**, on behalf of himself, his heirs, executors, agents, representatives, administrators, survivors, assigns and anyone claiming through him (all hereinafter referred to as "**Vaulton**"), does hereby knowingly, voluntarily and unconditionally release, acquit and forever discharge **CHARLES B. SMITH**, individually, ("**Smith**") and his heirs, executors, agents, representatives, administrators, survivors, successors and assigns, insurers, and sureties, **JAMES CURTIS MAYNARD**, individually, ("**Maynard**") and his heirs, executors, agents, representatives, administrators, survivors, successors and assigns, insurers, and sureties, **EVINCO PROFESSIONAL SERVICES, INC.** ("**EPS**") and its subsidiaries and affiliates, successors and assigns, and its current and former officers, agents, members, directors, attorneys, insurers, sureties, and employees, in their individual as well as corporate capacities, and **APEX CONTRACTING & MAINTENANCE, LLC** ("**ACM**") and its subsidiaries and affiliates, successors and assigns, and its current and former officers, agents, members, directors, attorneys, insurers, sureties, and employees, in their individual as well as corporate capacities, (**Smith, Maynard, EPS,** and **ACM** are all hereinafter collectively referred to as "**Apex**") from any and all legal, equitable or other claims, counterclaims, demands, setoffs, defenses, contracts, accounts, suits, debts, agreements, actions, causes of action, charges, liens, obligations, liabilities, sums of money, reckoning, bonds, bills, specialties, covenants, promises, variances, trespasses, damages, extents, executions, judgments, findings, controversies and disputes, and any past, present or future duties, responsibilities, or obligations, including but not limited to legal expenses, disbursements and/or costs, from the beginning of the world to the date hereof, whether known or unknown, that **Vaulton** ever had, now has or may hereafter have, against the **Apex**. This is a general release, and is intended to provide the **Apex** with the broadest release legally possible, including but not limited to:

    (i)    claims arising out of, or related to, **Vaulton's** employment at **Apex**, the commencement of said employment, and/or **Vaulton's** transition from employment at **Apex**;

    (ii)    claims of discrimination on the basis of race, national origin, color, gender, sex, pregnancy, sexual harassment, sexual orientation, perceived sexual orientation, disability, disability by association, age, religion, marital status, familial status or other characteristic protected by applicable law, and/or retaliation, including without limitation, the Tennessee Public Protection Act of 1990, the federal Age Discrimination in Employment Act of 1967, as amended, Title VII of the Civil Rights Act of 1964, as amended, the Tennessee Human Rights Act, the Tennessee Disability Act, the Americans

3

with Disabilities Act of 1990, as amended by the ADA Amendments Act of 2008, the Employee Retirement Income Security Act of 1974, as amended, the Civil Rights Act of 1991, the Rehabilitation Act of 1973, as amended, the Genetic Information Nondiscrimination Act, the Equal Pay Act of 1963, the Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Tennessee Occupational Safety and Health Act of 1972, the Tennessee Wage Payment and Work Hour Laws, and any other federal, state and/or municipality fair employment statutes or discrimination and/or retaliation laws;

(iii) claims for unpaid wages, salary, failure to pay minimum wage, overtime, commissions, bonuses, stock grants, stock options, fringe benefits and/or retaliation (including but not limited to living expenses, the provision of living quarters or the value thereof), or any other form of compensation and/or benefits, including without limitation, health insurance and any and all claims concerning or relating to COBRA coverage, claims based on the Fair Labor Standards Act, 29 U.S.C. 201, *et seq.*, the Tennessee Wage Payment and Work Hour Laws and any other law, rule, regulation, or ordinance pertaining to employment, wages and hours;

(iv) claims for infliction of any tort (including but not limited to wrongful or unlawful discharge, constructive discharge, intentional or negligent infliction of emotional distress, fraud, misrepresentation, tortious interference with business and contract relations, tortious interference with prospective economic advantage, unfair competition, defamation), and assault and battery;

(v) claims for any breach of contract or quasi contract, (including but not limited to breach of contract, breach of implied contract, unjust enrichment, promissory estoppel, quantum meruit);

(vi) claims for any violation of any pension or welfare plans, defined benefit plans, profit sharing plans, or any other benefit plan or arrangement (including but not limited to claims for retirement income, social security benefits, any/or claims under ERISA, and all amendments thereto) relating to **Vaulton's** employment at **Apex**; and

(vii) any claim for attorney fees, costs, related disbursements or the like relating to any of the above.

If any claim is not subject to release, to the extent permitted by law, **Vaulton** waives any right or ability to be a class or collective action representative or to

4

otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which **Apex** or any other released entity identified in this Agreement is a party.

If **Vaulton** violates, breaches or contravenes the provisions set forth in this Paragraph 3 of this Agreement, then **Vaulton** agrees that he shall be liable for all reasonable attorney fees incurred by the **Apex** in connection with enforcing the terms of Paragraph 3.

**Vaulton** warrants that he has received all benefits and compensation to which he is entitled under the Family and Medical Leave Act of 1993 and the Fair Labor Standards Act of 1938. **Vaulton** agrees not to file or pursue any claims he might have for pain and suffering, negligence, and/or intentional infliction of emotional distress or similar claims under the Tennessee Workers' Compensation Law. **Vaulton** warrants that at the time of execution of this Agreement he has not filed any charges, demands, claims, or actions with any local, state, or administrative agency relating to his employment, termination or the claims released herein, other than his complaints and amended complaints in the Lawsuit. This Agreement does not prohibit **Vaulton** from filing other state or federal administrative charges or claims (*i.e.,* NLRB) or from participating in such matters; but, notwithstanding the foregoing, **Vaulton** agrees to waive his right to recover individual, monetary, or injunctive relief in any administrative charge or claim filed by him or anyone on his behalf against **Apex**. **Vaulton** acknowledges and agrees that he did not sustain any work injuries and does not have any claims under the Tennessee Workers' Compensation Law for any injuries he suffered while working for **Apex**. **Vaulton** warrants and represents that he is not currently and has never received Medicare benefits and that his date of birth is September 13, 1972.

4. **Specific Release of ADEA Claims**. In further consideration of the payments and benefits provided to **Vaulton** in Paragraph 1, **Vaulton** hereby irrevocably and unconditionally fully and forever waives, releases, and discharges **Apex** from any and all claims, whether known or unknown, from the beginning of time to the date of the **Vaulton's** execution of this Agreement, arising under the Age Discrimination in Employment Act (ADEA), as amended, and its implementing regulations. By signing this Agreement, **Vaulton** hereby acknowledges and confirms that: (i) he has read this Agreement in its entirety and understands all of its terms; (ii) he has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel; (iii) he knowingly, freely, and voluntarily assents to all of the terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) he is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which he is otherwise entitled; (v) he was given at least twenty-one (21) days to consider the terms of this Agreement and consult with an attorney of his choice, although he may sign it sooner if desired; (vi) he understands that he has seven (7) days from the date of signing this Agreement to revoke the ADEA release in this paragraph by delivering notice of revocation to **Apex** before the end of

5

such seven-day period; and (vii) the he understands that the release contained in this paragraph does not apply to rights and claims that may arise after the date on which he signs this Agreement.

5. **Dismissal of Lawsuit.** **Vaulton** and **Apex** agree to take all necessary steps to seek court approval of this settlement and the dismissal with prejudice of **Vaulton's** claims in the Lawsuit styled *Michael Shane Vaulton v. Evinco Professional Services, Inc., Apex Contracting & Maintenance, LLC, and Charles B. Smith and James Curtis Maynard, Individually*, filed in the United States District Court for Eastern District of Tennessee, Civil Action No. 3:17-CV-00269. **Vaulton** and **Apex**, through their counsel, will execute and file the Joint Motion and Order attached hereto as Exhibit A to complete the settlement of **Vaulton's** claims in the Lawsuit.

6. **No Admission of Liability.** The Parties acknowledge that this Agreement is made and executed in settlement of disputed claims for which **Apex** denies any and all liability, that it is settling this matter solely to avoid the cost of litigation, and that neither this Agreement nor the payment and other consideration herein is to be construed as an admission of wrongdoing or liability on the part of **Apex**.

7. **References and No Re-Hire.** As a free and voluntary act, **Vaulton** agrees never to seek or accept employment or work for, with, or on behalf of **Apex** including work through a temporary agency or as an independent contractor at any time after the date of this Agreement. If the provisions of this paragraph are breached by **Vaulton**, his application will be rejected by **Apex** without any resulting liability to **Apex** or its successors or assignees. **Vaulton** agrees that he will refer all prospective employers to Curtis Maynard, and no one else, for all references and verifications of employment at (865) 934-0968 or 1301 Avalon Drive, Louisville, Tennessee 37777. **Apex** agrees that Mr. Maynard will provide prospective employers with only **Vaulton's** dates of employment and last position held and will make no statement nor display any emotion or inflection intended or reasonably expected to convey a negative opinion about **Vaulton**.

8. **Counterparts.** This Agreement may be executed in separate counterparts, including execution by copied signatures or those affixed to documents subsequently telefaxed or otherwise reproduced. All counterparts will be deemed to be one (1) instrument.

9. **Headings.** Headings and captions of the sections and paragraphs of this Agreement are intended solely for convenience and no provision of this Agreement is to be construed by reference to the caption or heading of any section or paragraph.

10. **Joint Authorship.** This Agreement is the result of negotiations between the Parties to this Agreement. There shall be no presumption that any ambiguities in this Agreement shall be resolved against any party. Any controversy regarding the construction or interpretation of this Agreement shall be decided neutrally, in light of its conciliatory purposes, and without regard to events of authorship.

6

11. **Governing Law**. This Agreement shall be construed under and governed by the laws of the State of Tennessee, notwithstanding any choice of law provision or principle to the contrary.

12. **Entire Agreement**. This Agreement contains the entire understanding between the parties hereto and represents the full and final resolution of any and all issues regarding **Vaulton's** work for or employment by **Apex** or termination therefrom. This Agreement may not be modified or amended in any manner without a written agreement signed and dated by all parties. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provision. Neither this Agreement nor any other agreement between the parties, nor any uncertainty or ambiguity herein or therein, shall be construed or resolved using any presumption against any party hereto or thereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by the parties and, in the case of any ambiguity or uncertainty, shall be construed according to the ordinary meaning of the words used so as to fairly accomplish the purpose and intentions of all parties hereto. The recitals are incorporated into this Agreement.

13. **Advice of Counsel**. Each person executing this Agreement represents that he/she/it has consulted with an attorney prior to signing this Agreement. **Vaulton** represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon his independent judgment after consulting with his counsel. In making this determination, **Vaulton** has had an adequate opportunity to discuss and assess the merits of all his claims and potential claims.

14. **Signatures**. The Parties hereby signify their agreement to the above terms by their signatures below. The officers/representatives of **Apex** signing this Agreement represent that they are authorized to execute this Agreement on behalf of the respective entities on behalf of which they sign. **Vaulton** executes this Agreement on his own behalf and represents that: (1) he has been given an opportunity to consult with counsel prior to signing this Agreement, (2) he has not relied on any representations of the **Apex's** counsel with respect to the subject matter of this Agreement, and (3) this Agreement includes a general release relinquishing all existing and possible claims by **Vaulton** against **Apex**.

15. **No Transfer**. **Vaulton** expressly warrants that he has not transferred to any person or entity any rights, causes of action, or claims released in this Agreement.

**IN WITNESS WHEREOF**, the parties have executed this Agreement to be effective as of this____ day of _____, 2018.

[SIGNATURES ON FOLLOWING PAGES]

7

CAUTION: READ BEFORE SIGNING BELOW

THE UNDERSIGNED HAS READ THE FOREGOING RELEASE AND FULLY UNDERSTANDS IT.

_____
**MICHAEL SHANE VAULTON**

STATE OF TENNESSEE  )
                    )
COUNTY OF Knox      )

On the 3rd day of August, 2018, before me personally appeared **MICHAEL SHANE VAULTON** to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

My Commission Expires: 5/5/19

_____
**CHARLES B. SMITH**

STATE OF TENNESSEE  )
                    )
COUNTY OF KNOX      )

On the 10th day of August, 2018, before me personally appeared **CHARLES B. SMITH** to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

My Commission Expires: 5/24/2022

8

_____
JAMES CURTIS MAYNARD

STATE OF TENNESSEE )
                   )
COUNTY OF KNOX     )

On the 9th day of August, 2018, before me personally appeared **JAMES CURTIS MAYNARD** to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

My Commission Expires: 6-29-2022

**EVINCO PROFESSIONAL SERVICES, INC.**

By: C.B. Smith

Its: C.E.O.

STATE OF TENNESSEE )
                   )
COUNTY OF KNOX     )

On the 10th day of August, 2018, before me personally appeared C.B. Smith to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

My Commission Expires: 5/24/2022

9

APEX CONTRACTING &
MAINTENANCE, LLC

By: _____JAMES CURTIS MAYNARD_____

Its: _____Pres/COO_____

STATE OF TENNESSEE )
                   )
COUNTY OF KNOX     )

On the __9th__ day of __August__, 2018, before me personally appeared __James Curtis Maynard__ to me known to be the person(s) named herein and who executed the foregoing Release and he acknowledged to me that he voluntarily executed the same.

_____
Notary Public

My Commission Expires: __6-29-2022__

[Notary Seal: STACEY KNIGHT, STATE OF TENNESSEE NOTARY PUBLIC, KNOX COUNTY, Comm. Exp. 6-29-2022]

10